IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STANLEY WAYNE BRADSHAW,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:13-cr-00775-DN<br><br>District Judge David Nuffer |

Defendant filed a motion seeking compassionate release ("Motion").[1] The government and the United States Probation Office oppose Defendant's Motion.[2] Defendant has serious health conditions and family circumstances that make his Motion closer than most. However, Defendant fails to demonstrate that his conditions and circumstances warrant compassionate release, and jurisdiction is lacking over Defendant's request for home confinement. Therefore, Defendant's Motion[3] is DENIED.

## DISCUSSION

### Defendant's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court

---

[1] Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582 and the CARES Act/COVID-19 Release for Home Confinement ("Motion"), docket no. 58, filed Oct. 29, 2020.

[2] United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Response"), docket no. 59, filed Nov. 11, 2020; First Step Act Relief Recommendation ("Recommendation"), docket no. 61-1, filed under seal Nov. 20, 2020.

[3] Docket no. 58, filed Oct. 29, 2020.

him or herself."[4] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[6] In making this determination, the court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[7]

Defendant submitted a request for relief under the First Step Act to the warden at FCI Williamsburg, which was denied on August 10, 2020.[8] Defendant administratively appealed the denial on August 29, 2020.[9] The disposition of the appeal is not known, but over 30 days passed before Defendant filed his Motion on October 29, 2020. Therefore, the Motion is procedurally proper and its merits may be addressed.[10]

**Defendant fails to demonstrate that his circumstances warrant compassionate release**

Defendant argues that because his medical conditions place him in the high-risk category of suffering serious complications or death if he contracts COVID-19, extraordinary and compelling reasons exist to warrant compassionate release.[11] Defendant is 44 years old and has

---

[4] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

[5] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[6] *Williams*, 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[7] 18 U.S.C. § 3582(c)(1).

[8] Reduction in Sentence Application at 1-2, docket no. 59-1, filed Aug. 28, 2020.

[9] Request for Administrative Remedy, docket no. 58-1 at 5, filed Oct. 29, 2020.

[10] 18 U.S.C. § 3582(c)(1)(A).

[11] Motion 2-5.

served approximately 77 months (~64%) of his 120-month prison sentence.[12] Defendant is diagnosed with Type-2 diabetes, high cholesterol, and nerve pain.[13] He also has mild obesity,[14] and asserts that he has a lower abdominal hernia.[15] Defendant further asserts that he is subject to waiting in a "pill line" twice a day to obtain his medication, and that the medical staff at FCI Williamsburg are ignoring his hernia.[16] Defendant has had no disciplinary history since being in Bureau of Prisons ("BOP") custody.[17] He asserts that if released, he will not be a danger to the community, and that he will have employment opportunities as a plumber and welder.[18] And if granted relief, Defendant plans to reside with his mother in Murphy, North Carolina.[19]

Additionally, Defendant argues that his family circumstances constitute extraordinary and compelling reasons to justify a reduced sentence.[20] Defendant asserts that his mother suffers from Type-2 diabetes and fibromyalgia, and has regular blood transfusions because of a blood leak by her small intestine.[21] Defendant's mother is also the sole caretaker for her 14 year old son. Defendant asserts that if an emergency arises with his mother health, she will not be able to care for the minor.[22] Defendant asserts that if he is released, he will provide care for his mother and assist in her care of the minor.[23]

---

[12] Recommendation.

[13] BOP Medical Records, docket no. 60-2, filed under seal Nov. 11, 2020.

[14] *Id*.

[15] Motion at 3.

[16] Motion at 2-3.

[17] First Step Act Relief Eligibility Report ("Report") ¶ 16 at 5, docket no. 61, filed under seal Nov. 20, 2020.

[18] Motion at 4.

[19] *Id*. at 3-4.

[20] *Id*. at 4.

[21] *Id*.

[22] *Id*.

[23] *Id*.

The phrase "extraordinary and compelling reasons" is not defined in the statute. However, the United States Sentencing Commission ("USSC") has defined the phrase "to include serious medical conditions and the age of the defendant,"[24] and circumstances where a member of the defendant's family is in need of a caregiver.[25] The USSC policy statement also provides that "extraordinary and compelling reasons" include circumstances where "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the defendant's medical conditions, age, and family circumstances.[26] The USSC policy statement is not binding for purposes of Defendant's Motion.[27] But it does provide helpful considerations for determining whether Defendant's circumstances are extraordinary and compelling.

Defendant has demonstrated, and the government concedes,[28] that his medical conditions are extraordinary and compelling. Defendant has several infirmities, which place him in the high-risk category of suffering serious complications or death if he contracts COVID-19.[29] These conditions, combined with the circumstances regarding Defendant's mother's health and her care for a minor, are extraordinary and compelling. Nevertheless, these conditions and circumstances do not justify granting Defendant compassionate release.

---

[24] *Williams*, 2020 WL 806026, *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

[25] U.S.S.G. 1B1.13 at Commentary Application Notes 1(A)-(C).

[26] *Id*. at Commentary Application Notes 1(D).

[27] *United States v. Maumau*, No, 2:08-cr-00758-TC-11, 2020 WL 806121, *4 (D. Utah Feb. 18, 2020).

[28] Response at 11-14.

[29] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 28, 2020).

Defendant's prison medical records indicate that he is receiving medical attention, treatment, and medication for his conditions.[30] And while Defendant's medical conditions put him in the high-risk category for serious complications or death if he contracts COVID-19,[31] there is only the potential that Defendant may contract COVID-19 while in BOP custody. The potential of contracting COVID-19 still exists if Defendant is granted compassionate release.

Additionally, the BOP has implemented substantial restrictions on inmates and prison staff to limit personal interactions and curb the spread of COVID-19. These restrictions include canceling all programs, classes, and counseling for inmates. Indeed, the BOP has implemented stringent protocols in order to stop any spread of COVID-19 to inmates and staff. These protocols include:

- All inmates in every institution are secured in their assigned cells for a period of at least 14 days;

- Only limited group gathering is permitted to facilitate commissary, laundry, showers, telephone, and computer access;

- All staff and inmates have been and will continue to be issued face masks and encouraged to wear an appropriate face covering when in public areas when social distancing cannot be achieved;

- All newly admitted inmates are screened for COVID-19 exposure and symptoms;

- Asymptomatic inmates with risk of exposure are placed in quarantine for a minimum of 14 days or until cleared by medical staff;

- Symptomatic inmates are placed in isolation until they test negative for COVID-19 or are cleared by medical staff as meeting CDC criteria for release from isolation;

- Prison staff are temperature checked before entering the facilities, and any staff member with a temperature of 100.4 degrees Fahrenheit or higher is barred from the facility;

---

[30] BOP Medical Records.

[31] *Id.*; https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 28, 2020).

- Staff members having a stuffy or runny nose may be placed on leave by a medical officer;

- Official travel for prison staff, and most training, has been cancelled;

- Social and legal visits at facilities have been suspended since March 13, 2020; and

- Expanded COVID-19 testing for inmates.[32]

FCI Williamsburg has not avoided the COVID-19 pandemic. There are currently eight staff and 54 inmates with confirmed active COVID-19 cases.[33] On the other hand, Murphy, North Carolina (where Defendant plans to reside if granted compassionate release) is in a county that has had 1,227 confirmed COVID-19 cases and 15 deaths over the past 14 days.[34] Defendant may be able to exercise more personal control over following CDC guidelines and recommendations if released. But on this record, Defendant has not shown that he is more likely to contract COVID-19 in custody than if released.

Defendant's family circumstances, while serious, also involve only possibilities for adverse consequences if Defendant is not granted release. Defendant's mother has serious medical conditions and is the sole provider for a minor.[35] But Defendant does not assert that in his absence, his mother is unable to care for herself or the minor child. Rather, Defendant asserts only that if an emergency were to occur regarding his mother's health, he would be able to provide care for her and the minor. This potential is not sufficient to justify granting Defendant compassionate release.

Therefore, despite Defendant's medical conditions and family circumstances being extraordinary and compelling, Defendant has failed to demonstrate that these conditions and

---

[32] https://www.bop.gov/coronavirus (last visited Dec. 28, 2020).

[33] https://www.bop.gov/coronavirus (last visited Dec. 28 2, 2020).

[34] https://covid19.ncdhhs.gov/dashboard (last visited Dec. 28, 2020).

[35] Motion at 4.

circumstances (considered individually or collectively) justify granting him compassionate release.

Finally, the relevant factors set forth in 18 U.S.C. § 3553(a) do not support granting Defendant compassionate release. Defendant was convicted of one count of Possession of Methamphetamine With Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1).[36] He has a lengthy criminal history, which placed him in criminal history category VI.[37] His offense carries a 10-year minimum mandatory sentence,[38] and his guideline range of imprisonment was 188 to 235 months.[39] Pursuant to his plea agreement,[40] Defendant was sentenced to 120 months,[41] which is the minimum mandatory sentence and 68 months below the low end of Defendant's guideline range.[42] Defendant was also sentenced to a 60-month term of supervised release.[43]

The serious nature and circumstances of Defendant's offense, the appropriateness of the original 120-month minimum mandatory prison sentence, and the need to protect the public from further crimes weigh heavily against granting relief to Defendant. Therefore, Defendant has not demonstrated that his circumstances constitute extraordinary and compelling reasons to justify compassionate release.

---

[36] Judgment in a Criminal Case ("Judgment") at 1, docket no. 51, filed May 6, 2015.

[37] Presentence Investigation Report ("PSR") ¶¶ 25-49, docket no. 60-1, filed under seal Nov. 11, 2020.

[38] 18 U.S.C. § 841(b).

[39] PSR ¶¶ 67.

[40] Statement by Defendant in Advance of Plea of Guilty and Plea Agreement Pursuant to Fed. R. Crim. P. 11(c)(1)(C) ¶ 12.b., docket no. 44, filed Feb. 5, 2015.

[41] Judgment at 2.

[42] PSR ¶ 67.

[43] Judgment at 3.

**Jurisdiction is lacking over Defendant's request for home confinement**

Defendant alternatively requests that he be permitted to serve the remainder of his sentence in home confinement.[44] However, the authority to designate the place of an inmate's incarceration rests with the Bureau of Prisons, not the sentencing court.[45] "The Bureau of Prisons is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences."[46] And "[n]otwithstanding any other provision of law, a designation of a place of incarceration [by the Bureau of Prisons] is not reviewable by any court."[47] Therefore, jurisdiction is lacking over Defendant's request for home confinement.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[48] is DENIED.

Signed December 28, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[44] Motion at 1, 5; Defendant's Reply to the Plaintiff's Opposition to Defendant's Motion for Compassionate Release at 5, docket no. 62, filed Nov. 30, 2020.

[45] 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

[46] *United States v. Voda*, 994 F.2d 149, 151-152 (5th Cir. 1993) (internal citations omitted).

[47] 18 U.S.C. § 3621(b).

[48] Docket no. 58, filed Oct. 29, 2020.